## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **POPSOCKETS LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LAMICALL INTERNATIONAL** | ) | |
| **LIMITED,** | ) | |
| Defendant. | ) | Case No. |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |

## COMPLAINT

1.      Plaintiff PopSockets LLC ("PopSockets"), by its undersigned counsel, brings this Complaint against Defendant Lamicall International Limited ("Lamicall") for infringement of U.S. Patent Nos. 11,989,058 ("the '058 Patent," Exhibit 1) and 11,899,496 ("the '496 Patent," Exhibit 2).

## I.      THE PARTIES

2.      Plaintiff PopSockets LLC is a company established in Colorado having its principal place of business at 1426 Pearl Street, Ste. 400, Boulder, CO 80302.

3.      On information and belief, Lamicall is a limited liability company formed under the laws of China with a place of business at 9 Morrison Hill Rd, Rm D 29/F Morrison Plz, Wang Chai, Hong Kong, China. Lamicall may be served by mail through the Texas Secretary of State. *Freedom Patents LLC v. TCL Electronics Holding Limited*, 2023 WL 7414144, at *5 (E.D.Tex., 2023) (permitting service by mail through the Texas Secretary of State of Hong Kong Defendants) (citing *Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd.*, No. 2:21-CV-00045-JRG, 2021 WL

6773096, at *3 (E.D. Tex. Nov. 19, 2021); *CMA CGM S.A. v. Ocean Line Logistics Inc.*, No. 2:20-cv-06210-FWS-RAO, 2022 WL 3009461, at *6 (C.D. Cal. June 3, 2022)).

4.      On information and belief, Defendant has used, sold, or offered to sell products and services, including the Accused Instrumentalities, in this judicial district.

## II.     JURISDICTION AND VENUE

5.      Subject matter jurisdiction is based on 28 U.S.C. § 1338, in that this action arises under federal statute, the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*).

6.      Lamicall is subject to this Court's personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute.

7.      Personal jurisdiction exists generally over Lamicall because Lamicall has sufficient minimum contacts and/or has engaged in continuous and systematic activities in the forum as a result of business conducted within the State of Texas and the Eastern District of Texas. Personal jurisdiction also exists over Lamicall because it, directly or through subsidiaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, makes available, and/or markets products within the State of Texas and the Eastern District of Texas that infringe one or more claims of the Patents-in-Suit.  Further, on information and belief, Lamicall has placed or contributed to placing infringing products into the stream of commerce, both directly and through intermediaries (including distributors, retailers, authorized dealers, sales agents, and other individuals or entities), knowing or understanding that such products would be sold and used in the United States, including in this District.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). Venue is proper in this Court because Lamicall is organized under the laws of a foreign jurisdiction. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in

determining where the action may be brought with respect to other defendants." *See also In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Venue is also proper in this Court because Lamicall has committed acts of infringement in this judicial district.

## III.     FACTUAL ALLEGATIONS

### A.     Background

9.     PopSockets is one of the nation's leading providers of phone cases, grips, and mount accessories for handheld electronic devices as well as the exclusive provider of award-winning and innovative POPSOCKETS brand products and its products are sold in stores and online throughout the country. PopSockets is well-known in the industry as the inventor of the innovative PopSockets® PopGrip® mobile device grip, which revolutionized the way people hold and interact with their mobile devices. Since the explosive success of its category-defining product, PopSockets has continued to develop cutting-edge products in the phone accessory space. By leveraging its design and engineering prowess beyond phone grips, PopSockets has created a comprehensive ecosystem of original accessory products.

10.     The United States Patent Office has recognized PopSockets' innovative work in this industry by awarding PopSockets with a robust portfolio of patents covering its highly successful phone accessory products, which include phone cases, grip accessories, power accessories, and more. *See* https://www.popsockets.com/en-us/pages/intellectual-property.html?srsltid=AfmBOoq_Xy_7TWkXhH_DxPYNM_ldyQKm2QgYxgwXNwS2d4-UqGwFbCdC. Driven by the success of products embodying its patented inventions, PopSockets has grown rapidly in the last decade from a small Colorado startup to one of the world's leading phone accessory brands today, selling hundreds of millions of its innovative products in over 100 countries globally. PopSockets has been recognized as one of the World's Most Innovative Companies, and continues to invest substantial funds in research and development year after year,

continuing to build on its reputation for inventive design. PopSockets' intentional investment in research and development has led to a number of successful inventions, including those captured in the Asserted Patents, as detailed below.

**B.    The '058 Patent**

11.    The '058 Patent is entitled "Docking Accessory Platform for Mobile Electronic Devices."

12.    Claim 1 of the '058 Patent provides:

**[1pre]** A docking accessory platform adapted to couple to a mobile electronic device, the platform comprising:

**[1a]** a first docking connector portion comprising a first magnetic element configured to detachably attach to a second docking connector portion of a power accessory, wherein the second docking connector portion comprises a second magnetic element;

**[1b]** a back portion opposite the first docking connector portion, the back portion configured to be secured against a back surface of the mobile electronic device;

**[1c]** and a side portion configured to extend around at least a portion of a side of the mobile electronic device adjacent to the back surface, wherein the power accessory comprises an accessory body and an electronic assembly within the accessory body, wherein the electronic assembly comprising a battery and electronics operable to wirelessly transfer power through the platform, between the battery and the mobile electronic devices;

**[1d]** and the first docking connector portion of the platform is further configured to detachably attach to a grip accessory comprising a third magnetic element.

13.    PopSockets owns by assignment the entire right, title, and interest in and to the '058 Patent.  The '058 Patent was filed as Application No. 18/388,182 on November 8, 2023 and assigned to PopSockets. The '058 Patent issued on May 21, 2024 and claims priority to, among others, U.S. Application No. 15/852,518, filed on Dec. 22, 2017, Application No. 14/588,402, filed on Dec. 31, 2014 (now Pat. No. 10,019,034), Application No. 15/173,644, filed on June 14, 2016, Application No. 14/384,663, filed as Application No. PCT/US2013/030911 on Mar. 13, 2013 (now

Pat. No. 9,367,090), as well as Provisional Application No. 61/922,294, filed on Dec. 31, 2013 and Provisional Application No. 61/610,575, filed on  Mar. 14, 2012.

14.      The '058 Patent is generally directed at a docking platform for mobile devices that allows different types of docking accessories to independently attach and detach from the device "with at most a nominal increase in the effective magnitude of any one dimension of the mobile device." Ex. 1 at 3:15-26. The '058 Patent explains that docking platforms for mobile devices have traditionally been housed on the edges of mobile devices; however, "[a] shortfall of housing a docking connector on the edge of a mobile electronic device is that when the device is attached to docking accessories, the resultant system is generally inconvenient for transport." Ex. 1 at 1:46-49. Previous solutions have included, for example, building docking accessories into docking platforms, and securing the entire system onto the back of the device. *Id.* 1:66-3:11. While these solutions have made transport slightly more convenient, they have still increased the effective size of the device in multiple dimensions. *Id.* The docking platform disclosed by the '058 Patent attaches to the back face of the phone, and allows certain kinds of accessories to detachably attach to the platform while it is coupled to the device, for example, through magnetic elements.

15.      Figure 8 illustrates an example of a docking accessory platform with the platform configured as a case attached to the mobile electronic device, with two grip accessories detachably attached to the platform:



FIG. 8

'058 Patent., Figure 8. As shown, Figure 8 depicts an embodiment with docking platform 2 coupled to a mobile device 1. As the '058 explains, "[o]ne or more embodiments of the present invention are directed to a docking platform system comprising a docking platform and compatible electronic and/or mechanical docking accessories, the docking platform configured to detachably attach to a mobile electronic device and further configured to enable detachable attachment of a variety of docking accessories." Ex. 1 at 16:52-59. The docking platform disclosed by the '058 Patent thus allows for the docking of different kinds of accessories, including, for example, power accessories and grip accessories.

### C.    The '496 Patent

16.    The '496 Patent is entitled "Docking Connector Platform for Mobile Electronic Devices"

17.    Claim 1 of the '496 Patent provides:

[1pre] A detachable docking accessory system, comprising:

[1a] a mobile electronic device;

[1b] a platform adapted to couple to the mobile electronic device, the platform including a first docking connector portion and a back portion opposite the first docking connector

portion, the back portion configured to attach to a [b]ack[1] surface of the mobile electronic device;

[1c] a power docking accessory comprising an accessory body;

[1d] a second docking connector portion of the accessory body, the first and second docking connector portions configured to form a detachable attachment to secure the accessory body to the platform; and;

[1e] an electronic assembly within the accessory body, the electronic assembly comprising electronics operable to inductively transfer power between the accessory body and the mobile electronic device.

18.    PopSockets owns by assignment the entire right, title, and interest in and to the '496 Patent.  The '496 Patent was filed as Application No. 18/202,847 on May 26, 2023 and assigned to PopSockets. The '496 Patent issued on February 13, 2024 and claims priority to, among others, U.S. Application No. No. 16/745,226, filed on Jan. 16, 2020, Application No. No. 15/723,506, filed on Oct. 3, 2017 (now Pat. No. 10,571,964), Application No. 14/302,203, filed on Jun. 11, 2014 (now Pat. No. 9,804,636). The '496 Patent claims partial priority to Application No. PCT/US2013/030991, filed on Mar. 13, 2013.  as well as Provisional Application No. 61/833,634, filed on Jun. 11, 2013, and Provisional Application No. 61/610,575, filed on Mar. 14, 2012.

19.    The '496 Patent is generally directed to a detachable docking accessory system for mobile phones. Figure 29 shows a variety of different embodiments of the claimed system including a docking platform 102 "configured for flush mounting an accessory to the back surface of mobile electronic device 101" (Ex. 2, 25:35-45; Fig. 29):

---

[1] *See* Ex. 3, Notice of Correction



FIG. 29

As explained by the '496 Patent, "The docking platform enables docking accessories to attach to the mobile device without significantly increasing the effective carrying size of the mobile device by enabling the volumes of attached docking accessories to be distributed across a large portion of the selected surface." Ex. 2 10:20-24. The claimed system allows for the flush mounting of docking accessories, including accessories "configured to electrically connect to the mobile electronic device." Ex. 2, 12:9-16. For example, FIG. 12A shows an embodiment wherein a mobile electronic device is connected with a docked supplemental battery accessory:

- 8 -



FIG. 12A

Similarly, Fig. 34 shows "an exemplary battery function 254 performed by docking platform 2, 102 or mobile electronic device 101. After docking platform 2, 102 or mobile electronic device 1, 101 establishes communications with supplemental battery accessory 146, docking platform 2, 102 or mobile electronic device 1, 101 may display battery function 254." Ex. 2 at 26:64-27:3; FIG. 34:



FIG. 34

### D.    Lamicall Infringing Activities

20.    Defendant Lamicall has built a business around selling low-cost mobile accessories through online marketplaces, such as Amazon, including accessories that mimic the functionality and design of innovative products developed by industry leaders such as PopSockets. While it is based in China, Lamicall markets and sells a wide range of smartphone accessories to consumers in the United States. These products directly compete with PopSockets' products by embodying its patented technologies.  Lamicall makes, uses, sells, offers to sell, and/or imports into the United States various phone accessories for smartphones such as iPhones, Samsung Galaxy, and Huawei phones.

21.    On information and belief, Lamicall makes, uses, sells, offers to sell, and/or imports within this District and elsewhere in the United States, without authority, smartphone cases that infringe one or more of the asserted patents (the "Accused Phone Case Products"). The

Accused Phone Case Products include, without limitation, any Lamicall MagSafe ®/Qi2 compatible phone case made, used, sold and/or imported into the United States by Lamicall. By way of non-limiting example, the Accused Phone Case Products include "Lamicall Magnetic Case", "Lamicall Magnetic Phone Case", "Lamicall Shockproof Case", "All Lock Airbag iPhone Case" currently and/or previously sold by Lamicall.

22.     On information and belief, Lamicall makes, uses, offers to sell, and/or imports within this District and elsewhere in the United States, without authority, smartphone power accessories that infringe one or more of the asserted patents (the "Accused Charging Products"). The Accused Charging Products include, without limitation, any Lamicall MagSafe®/Qi2 compatible phone charger made, used, sold and/or imported into the United States by Lamicall. By way of non-limiting example, the Accused Charging Products include Lamicall 4-in-1 Qi2 Certified Wireless Charging Station Lamicall 3 in 1 Compact Wireless Charging Station, Lamicall 15W for MagSafe Car Mount Charger, Lamicall 3-in-1 Charging Station for MagSafe - Foldable Wireless Charger.

Rather than building a successful brand by investing in research and development to create innovative designs of its own, Lamicall profits by offering cheaper constructions of the successful products of others, including PopSockets. Lamicall has capitalized on the incredible success of PopSockets' brand and innovative product design by distributing vast quantities of infringing products through online marketplaces such as Amazon. These actions have caused and continue to cause harm to PopSockets by diverting sales and eroding the value of its patented technology. At no point has Lamicall contacted PopSockets to request a license to the intellectual property it uses in its Accused Phone Case and Charging Products. By this action, PopSockets seeks to stop Lamicall's patent infringement and obtain appropriate compensation for that infringement.

## IV.    FIRST CLAIM FOR RELIEF – '058 Patent

23.    PopSockets re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

24.    On information and belief, Lamicall directly infringed (literally and/or under the doctrine of equivalents) and is currently infringing at least one of the claims of the '058 Patent by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, the Accused Phone Case Products, and other products with materially the same structure in relevant part.  For example, and as shown below, the Accused Phone Case Products and other products with materially the same structure and operating mechanisms in relevant part infringe at least Claim 1 of the '058 Patent. Lamicall's "Lamicall Magnetic Case for iPhone 16 Pro, for Magsafe - [Clear & Anti Yellow][Military Grade Drop Protection][Scratch-Resistant] TPU Slim Magnet Protective Cover Case, Only iPhone 16 Pro 6.3" is an exemplary accused product. https://www.amazon.com/Lamicall-Magnetic-iPhone-Magsafe-Scratch Resistant/dp/B0DBQ4K57N?ref_=dp_pba_bcd_vb&th=1.

25.    To the extent the preamble is limiting, the Accused Phone Case Products are docking accessory platforms adapted to couple to a mobile electronic device.  On information and belief, the Accused Phone Case Products are designed to couple to mobile electronic devices such as iPhones. The products comprise a first docking connector portion comprising a first magnetic element configured to detachably attach to second docking connector portion of a power accessory, wherein the second docking connector portion comprises a second magnetic element. For example, Lamicall advertises that the Lamicall Magnetic Case has "Strong Magnetic for MagSafe accessories." *See, e.g.*, https://www.amazon.com/Lamicall-Magnetic-iPhone-Magsafe-Scratch-Resistant/dp/B0DBQ4K57N?ref_=dp_pba_bcd_vb&th=1 (*id.*):



As seen above, the product is configured to detachably attach to a power accessory. The image shows an integrated magnetic array and demonstrates that it is compatible with Magsafe accessories including magnetic chargers and other power accessories. A video from the Amazon product page for an Accused Phone Case Product similarly shows the "powerful magnetic lock" between a magnetic charger and the accused product.

https://www.amazon.com/vdp/09e8ed0f9569469ca6efc33e732944c3?product=B0DBQ4K57N&ref=cm_sw_cp_r_ib_dt_Rm0ZQ9uq5V8FH (*id.*):



Powerful Magnetic Lock

Lamicall Clear Magnetic Case for Phone 16 Pro

LamicallDirect

26.    On information and belief, the Accused Phone Case Products comprise a back portion opposite the first docking connector portion, the back portion to be secured against a back surface of the mobile electronic device. The first docking connector portion of the Accused Phone Case Products is configured to secure against the back surface of the device.  *See, e.g.,* https://www.amazon.com/Lamicall-Magnetic-iPhone-Magsafe-Scratch-Resistant/dp/B0DBQ3L4JK?ref_=dp_pba_bcd_vb&th=1 (*id.*):



As pictured above, the Accused Phone Case Products also comprise a side portion configured to extend around at least a portion of a side of the mobile electronic device adjacent to the back surface. *See id.*

27.    As shown above, the Accused Phone Case Products are configured to detachably attach to a second docking connector portion of a power accessory. The Accused Phone Case Products can detachably attach to a power accessory comprising an accessory body and an electronic assembly within the accessory body, wherein the electronic assembly comprises a battery and electronics operable to wirelessly transfer power through the platform, between the battery and the mobile electronic device. For example, Lamicall advertises using the Accused Phone Case Products with a MagSafe battery pack. https://www.amazon.com/Lamicall-Magnetic-Case-iPhone-Magsafe/dp/B0CFFNDGGP?ref_=ast_sto_dp&th=1 (*id.*):



28.     On information and belief, the first docking connector portion of the Accused Phone Case Products is further configured to detachably attach to a grip accessory comprising a third magnetic element.



29.     As pictured above, Lamicall advertises and sells multiple magnetic phone ring and stand grip accessories intended to be used with the Accused Phone Case Products. *See, e.g.*, https://www.amazon.com/Lamicall-Magnetic-iPhone-Magsafe-Scratch-

Resistant/dp/B0DBQ4K57N?ref_=dp_pba_bcd_vb&th=1 (image above from Accused Phone Case Product listing shows it being used with a Lamicall magnetic phone grip accessory). https://www.amazon.com/Lamicall-Magnetic-Phone-RingMagSafe/dp/B0CWL8JMYT?ref_=ast_sto_dp&th=1 (Lamicall magnetic phone grip accessory) (*id.*):



As seen above, the magnetic phone ring and stand is a grip accessory making it a "one-hand operation" and holding the phone "easier & securer" and attaches to the phone case via a magnetic element. The Accused Phone Case Products are configured to detachably attach to the pictured accessory and other grip accessories comprising a third magnetic element.

30.    On information and belief, Lamicall also indirectly infringes the '058 Patent, as provided in 35 U.S.C. § 271(b), by inducing infringement by others, such as Lamicall's customers and end-users, in this District and elsewhere in the United States.  For example, on information and belief, Lamicall has induced, and currently induces, the infringement of the '058 Patent through its affirmative acts of selling, offering to sell, distributing, and/or otherwise making

available the Accused Phone Case Products and other materially similar products that infringe the '058 Patent. On information and belief, Lamicall provides advertisements, tutorials, instruction manuals, and/or other materials that encourage and facilitate infringing use of the Accused Phone Case Products and other materially similar products by users in a manner that it knows or should have known would result in infringement and with the intent of inducing infringement. *See, e.g.,* https://www.youtube.com/watch?v=dVQpQ7evV84&t=6s. On information and belief, Lamicall is encouraging and facilitating infringement of the '058 Patent by others. For example, on information and belief, Lamicall sells or otherwise provides the Accused Phone Case Products to distributors or U.S.-based sales entities knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States in an infringing manner.

31.    On information and belief, Lamicall also indirectly infringes the '058 Patent, as provided in 35 U.S.C. § 271(c), contributing to direct infringement committed by others, such as customers and end users, in this District and elsewhere in the United States.  For example, on information and belief, Lamicall has contributed to, and currently contributes to, Lamicall's customers infringement of the '058 Patent through its affirmative acts of selling and offering to sell, either directly or through its distributors, in this District and elsewhere in the United States, the Accused Phone Case Products and other materially similar products that infringe the '058 Patent.  On information and belief, the Accused Phone Case Products and other materially similar products have no substantial noninfringing use, and constitute a material part of the patented invention.  On information and belief, Lamicall is aware that the product that includes the Accused Phone Case Products and other materially similar products may be covered by one or more claims of the '058 Patent. On information and belief, the use of the product that includes the Accused

Phone Case Products and other materially similar products infringes at least one claim of the '058 Patent.

32.     Lamicall's infringement of the '058 Patent has damaged and will continue to damage PopSockets. Lamicall has had notice of the '058 Patent since at least the date of this Complaint, and on information and belief has had knowledge and/or notice of the '058 Patent earlier than this via PopSockets' website(s) and patent markings. For example, PopSockets' website includes a list of intellectual property it owns, including the '058 Patent. *See* https://www.popsockets.com/en-us/pages/intellectual-property.html. PopSockets' website also includes information about which PopSockets products are covered by its intellectual property, and it specifies that PopSockets MagSafe phone cases are covered by, among others, the '058 Patent. *Id.* On information and belief, Lamicall was or should have been aware of the patent markings on PopSockets' website. Lamicall's infringement of the '058 Patent has been continuing and willful. Lamicall continues to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Lamicall knew or should have known that its actions constituted an unjustifiably high risk of infringement.

## V.     SECOND CLAIM FOR RELIEF – '496 Patent

33.     PopSockets re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

34.     On information and belief, Lamicall directly infringed (literally and/or under the doctrine of equivalents) and is currently infringing at least one claim of the '496 Patent by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, the Accused Phone Case Products, the Accused Charging Products, and other products with materially the same structures in relevant parts.  For example, and as shown below, the Accused Phone Case Products, Accused Charging Products,

and other products with materially the same structures in relevant parts infringe at least one claim of the '496 Patent.

35.    To the extent the preamble is limiting, the Accused Phone Case Products and Accused Charging Products are a detachable docking accessory system designed exclusively for use with a mobile electronic device. The Accused Phone Case Products are designed to attach to a mobile electronic device. The Accused Phone Case Products include a first docking connector portion, namely, a magnetic array built into the case. *See, e.g.*, https://www.amazon.com/Lamicall-Magnetic-Case-iPhone-Magsafe/dp/B0CFFNDGGP?ref_=ast_sto_dp&th=1 ("36x N52 Magnets give more stable use", "perfect fit all MagSafe accessories"). The Accused Phone Case Products also include a back portion opposite the magnetic array that is configured to attach to the back surface of the mobile device (*id.*):



36.    On information and belief, the Accused Charging Products comprise an accessory body and a second docking connector portion, namely, a magnetic array allowing them to

detachably    attach    to    the    Accused    Phone    Case    Products.    *See,    e.g.,*

https://www.youtube.com/watch?v=s8DYMLaveh8.

37.    On information and belief, the Accused Charging Products also comprise an electronic assembly within the accessory body comprising electronics operable to inductively transfer power between the products and the mobile device. For example, the Accused Charging Products are marketed as being compatible with the Accused Phone Case Products or other materially    similar    products    that    infringe    the    '496    patent.    *See,    e.g.,*

https://www.amazon.com/Lamicall-Certified-Foldable-Wireless-Charging-dp-B0GF5TPYVS/dp/B0GF5TPYVS/ref=dp_ob_title_ce?th=1    (*id.*):



38.    On information and belief, Lamicall sells both the Accused Charging Products and Accused Phone Case Products to end-users to combine with a mobile device to receive the benefit of Lamicall's products. On information and belief, Lamicall also sells the Accused Charging Products to end-users to combine with a mobile device and platform component provided by a third-party to receive the benefit of the Accused Charging Products. On information and belief, Lamicall also sells the Accused Phone Case Products to end-users to combine with a mobile device and power accessory component provided by a third-party to receive the benefit of the Accused Phone Case Products. On information and belief, Lamicall directs its end-users to combine the

components together to use the claimed system. *See, e.g.*, https://www.amazon.com/Lamicall-Char-ging-Station-Apple-Magnetic/dp/B0F1MW1TCM?ref_=ast_sto_dp (Bundle sold by Lamicall that includes both an Accused Phone Case Product and an Accused Charging Product intended to be used together).

39.    On information and belief, Lamicall also indirectly infringes the '496 Patent, as provided in 35 U.S.C. § 271(b), by inducing infringement by others, such as Lamicall's customers, in this District and elsewhere in the United States.  For example, on information and belief, Lamicall has induced, and currently induces, the infringement of the '496 Patent through its affirmative acts of selling, offering to sell, distributing, and/or otherwise making available the Accused Phone Case Products and the Accused Charging Products and other materially similar products that infringe the '496 Patent. On information and belief, Lamicall provides specifications, instruction manuals, tutorials, and/or other materials that encourage and facilitate infringing use of the Accused Charging Products and other materially similar products by customers in a manner that it knows or should have known would result in infringement and with the intent of inducing infringement. *See, e.g.*, https://www.youtube.com/watch?v=s8DYMLaveh8. On information and belief, Lamicall is encouraging and facilitating infringement of the '496 Patent by others. For example, on information and belief, Lamicall sells the Accused Phone Case Products and the Accused Charging Products with the knowledge and intent that they will be used together with a mobile electronic device.  Lamicall suggests to customers that the Accused Products should be used together by offering the option to purchase both an Accused Charging Product and an Accused Phone Case Product together. *See, e.g.*, https://www.amazon.com/Lamicall-Char-ging-Station-Apple-Magnetic/dp/B0F1MW1TCM?ref_=ast_sto_dp. (*id.*):



**Lamicall 4 in 1 Char-ging Station for Apple & Magnetic Case**
Visit the Lamicall Store

- 15W Fast Wireless Charging - Enjoy the ultimate 15W high-speed charging for your iPhone, along wi 5W consistent outputs for your AirPods and 3W for Apple Watch, all enhanced by the cutting-edge Qi2 certification technology. Certified for safety and efficiency, this Qi 2 wireless charger stand delivers up to 2x faster charging speeds and is fully compatible with MagSafe and all Qi-enabled devices.
- Multi-Color Ambient Lighting - Not just a nightstand charger for MagSafe, this Qi 2 wireless charger features 5 LED colors to match any setting. Perfect for your office, bedside, gaming desk, living room nightstand, or even as festive decor. With a simple double-tap on the touch panel, effortlessly switch between colors to create the perfect ambiance. Note: When powered on, the lights will illuminate for 5s. For smooth transitions, double-tap rhythmically - too fast may cause unresponsiveness.
- All-in-One Charging Station - Streamline your charging experience with a 3-in-1 design that not only charges your iPhone, Apple Watch, and AirPods simultaneously, but also integrates seamlessly your office environment as office desk accessories. Keep your devices neatly organized and fully powered, with a space-saving design that's ideal for your nightstand or desk, providing easy access to your screens at all times.
- Crystal Clear & Never Yellow: Crysta - clear back lets you show off your iphone 16 Pro Max the origin style in stunning clarity that lasts. The protective surface resists a variety of yellowing agents like UV rays, fingerprints, sweat and stains etc, ensuring truly non-yellowing tech.
- Super Magnet for MagSafe: With 38 X N52 super magnets and upgraded magnetic circle array design this iphone 16 pro max clear case ensures secure attachment to the safe and fast wireless charging. I can firmly connect with all Mag Safe accessories such as the Mag Safe charger/ring/wallet, Mag Safe wireless charging, car mount, etc.

Click to see full view

⊟ Report an issue with this product or seller

**This bundle contains 2 items** (may ship separately)



1 of Lamicall 4-in-1 Qi2 Certified Wireless Charging Station for Magsafe, [LED Night Light] 15W Fast Magnetic Charger Stand Gifts, Compatible for iPhone 17 16 15 14 13 Series, Watch, Air pods, 30W Adapter
★★★★☆ 464
- 15W Ultra-Fast Wireless Charging - Experience 15W fast wireless charging for your i Phone, 5W for Air Pods, and 3W for your Watch. With Qi2 certification and MagSafe-Compatibility, every charge is fast, safe, and efficient.
- Multi-Color Ambient Lighting - More than just a magnetic nightstand charging station, this Qi2-certified station features 5 vibrant LED colors to suit any mood or setting. Whether it's your office desk, bedroom, bedside, nightstand, living room, or even festive decor, you can set the perfect ambiance with ease. Simply double-tap the touch panel to smoothly cycle through colors. For best results, tap at a steady rhythm—tapping too quickly may cause the lights to become unresponsive.
- All-in-One Charging Station - Simplify your charging routine with this 3 in 1 wireless charger stand, designed to power your i Phone, Watch, and Air Pods all at once. It supports 15W fast charging for Phone 17, Air, 16, 15, 14, 13, 12 series (iPhone 16e and iPhone 8–11 series require MagSafe cases), Apple Watch Ultra 2, 3, Series 1–11, SE 2/3, and AirPods 2, 3, 4, Pro 2/3 (with wireless charging case). Also works with all Qi-enabled devices, ensuring broad compatibility across your Apple ecosystem and beyond.
- Safe and Fast Charging - Equipped with an intelligent chip, our Qi2 wieslss for MagSafe charger stand provides comprehensive safety features, including FOD alerts, over-current, over-voltage, and over-temperature protection. Combined with a non-slip silicone base, your devices stay securely in place and protected throughout the charging process, ensuring it's a reliable and stable accessory for any desk or nightstand.
- What You Get - Lamicall 4 in 1 wireless charging station, 30W USB-C adapter, 5 ft (1.5 m) Type-C to Type-C cable, User Manual. Note: This charger stand features a smart safety alert system. If this Qi 2 charger for Magsafe detects an obstruction or if a low-power adapter (below 9V) is used, a red warning light will illuminate to ensure safe and efficient charging.
- Note: ！！！ Please do not wear non-MagSafe case or case thicker than 5mm(0.2"). i Phone 16e, i Phone 8-11 series Must have Mag Safe cases & Air pods 2 3 4, needs work with a Mag-Safe charging case. Please update the system of the device promptly for optimal charging protocol compatibility.

1 of Lamicall Magnetic Case for iPhone 16 Pro Max, for Magsafe - [Clear & Anti Yellow][Military Grade Drop Protection] [Scratch-Resistant] TPU Slim Magnet Protective Cover Case, Only iPhone 16 Pro Max 6.9"
★★★★☆ 239
- 【What you get】 Lamicall sleek, functional, protective, precise case for iphone

40.    On information and belief, Lamicall also indirectly infringes the '496 Patent, as provided in 35 U.S.C. § 271(c), contributing to direct infringement committed by others, such as customers, in this District and elsewhere in the United States.  For example, on information and belief, Lamicall has contributed to, and currently contributes to, Lamicall's customers' infringement of the '496 Patent through its affirmative acts of selling and offering to sell, either directly or through its distributors, in this District and elsewhere in the United States, the Accused Charging Products, Accused Phone Case Products, and other materially similar products that infringe the '496 Patent.  On information and belief, the accused products and other materially similar products have no substantial noninfringing use, and constitute a material part of the patented invention. On information and belief, Lamicall is aware that the Accused Phone Case Products and Accused Charging Products have no use without a mobile electronic device. Lamicall

markets the Accused Charging Products with images showing the products used as part of a system comprising a mobile device, case, and power accessory. *See, e.g.,* https://www.youtube.com/watch?v=s8DYMLaveh8 (*id.*):



Lamicall 3-in-1 MagSafe Charging Station Review — Charge iPhone, Apple Watch & AirPods Faster!

Lamicall Official
3.45K subscribers    Subscribe

0    Share    Save    ...

41.    Lamicall's infringement of the '496 Patent has damaged and will continue to damage PopSockets. Lamicall has had notice of the '496 Patent since at least the date of this Complaint, and on information and belief has had knowledge and/or notice earlier than this via PopSockets' website(s) and patent markings. For example, PopSockets' website includes a list of intellectual property it owns, including the '496 Patent. *See* https://www.popsockets.com/en-us/pages/intellectual-property.html. PopSockets' website also includes information about which PopSockets products are covered by its intellectual property, and it specifies that PopSockets MagSafe phone cases and PopSockets MagSafe power products are covered by, among others, the '496 Patent. *Id.* On information and belief, Lamicall was or should have been aware of the patent markings on PopSockets' website. Lamicall's infringement of the '496 Patent has been continuing

and willful. Lamicall continues to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Lamicall knew or should have known that its actions constituted an unjustifiably high risk of infringement.

## VI.    DEMAND FOR JURY TRIAL

42.    Pursuant to Federal Rule of Civil Procedure 38(b), PopSockets hereby demands a trial by jury on all issues triable to a jury.

## VII.    PRAYER FOR RELIEF

WHEREFORE, PopSockets respectfully requests that this Court enter judgment in its favor ordering, finding, declaring, and/or awarding PopSockets relief as follows:

A.    that Lamicall infringes the Patents-in-Suit;

B.    all equitable relief the Court deems just and proper as a result of Lamicall's infringement;

C.    an award of damages resulting from Lamicall's acts of infringement in accordance with 35 U.S.C. § 284;

D.    that Lamicall's infringement of the Patents-in-Suit is willful;

E.    enhanced damages pursuant to 35 U.S.C. § 284;

F.    that this is an exceptional case and awarding PopSockets its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.    an accounting for acts of infringement and supplemental damages, without limitation, prejudgment and post-judgment interest; and

H.    in the alternative to an award of damages under 35 U.S.C. § 284, an order pursuant to 35 U.S.C. § 283 permanently enjoining Lamicall, its distributors, officers, agents, servants, employees, attorneys, instrumentalities and those persons in privity, active concert or participation

with them, from further acts of direct and/or indirect infringement of the Patents-in-Suit including the manufacture, sale, offer for sale, importation and use of the infringing products.

I.    such other equitable relief which may be requested and to which PopSockets is entitled.

Dated: March 23, 2026

Respectfully submitted,

*/s/ Ian Washburn by permission Claire Abernathy Henry*

Ian Washburn (*pro hac vice* forthcoming)
iwashburn@irell.com
Andrew Strabone (*pro hac vice* forthcoming)
astrabone@irell.com
N. Isabella Chestney (*pro hac vice* forthcoming)
ichestney@irell.com
Matthew Corey (*pro hac vice* forthcoming)
mcorey@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Of Counsel:
Claire Abernathy Henry
State Bar No. 24053063
claire@millerfairhenry.com
Garrett Parish
SBN 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff PopSockets LLC*